In re: Kenneth Louis POOLE, Debtor.

Kim Marie Hannah, Appellant,

v.

Linda S. Schuette, an interim Chapter 7 Trustee; Associates Commercial Corporation, Appellees.

No. 99–16312.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 12, 2000.

Decided Jan. 25, 2001.

Before THOMPSON, O'SCANNLAIN, and TASHIMA, Circuit Judges.

MEMORANDUM*

Kim Marie Hannah appeals a decision of the Bankruptcy Appellate Panel ("BAP") that affirmed in part and reversed in part the bankruptcy court's judgment in favor of Appellees, Linda Schuette and Associates Commercial Corporation. The BAP affirmed the bankruptcy court's finding that property fraudulently transferred by Kenneth Poole, the debtor in the underlying case, actually belonged in his bankruptcy estate, but reversed the court's finding that the statute of limitations for the avoidance of one of the fraudulent transfers was equitably tolled. We have jurisdiction over appeals from the BAP pursuant to 28 U.S.C. § 158(d), and we affirm in part and reverse in part.

Decisions of the BAP are subject to de novo review. *Mitchell v. Franchise Tax Bd. (In re Mitchell)*, 209 F.3d 1111, 1115 (9th Cir.2000). We therefore independently review the bankruptcy court's rulings. *Id.*

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

■ The bankruptcy court did not err in including various assets transferred to other entities in Poole and Poole, Inc.'s estates.[1] Poole's use and enjoyment of items of property nominally owned by others, his active involvement in running Delta Marine, and Brix's understanding that Delta Marine and Poole, Inc. were essentially the same company support the court's conclusion that Poole had "at least equitable interest" in the numerous items of property, including the revenue earned under the Brix/Delta Marine contract. Accordingly, we affirm the decision to include all the disputed items of property in the bankruptcy estates.

Moreover, the bankruptcy court's use of the phrase, "equitable interest," indicates that the court included the property under 11 U.S.C. § 541(a)(1), which includes in the bankruptcy estate "all legal or equitable interests of the debtor in property as of the commencement of the case." We therefore reject Hannah's argument that the court relied only on 11 U.S.C. § 541(a)(3) in order to include the fraudulently transferred property in the estates. Because the property was properly included in the bankruptcy estates under § 541(a)(1), the issue of whether the statute of limitations in 11 U.S.C. § 546, for bringing an action to avoid a fraudulent transfer, was equitably tolled does not affect the conclusion that the assets are property of the bankruptcy estates.

The bankruptcy court's money judgment against Poole and Hannah was predicated on revenue generated by the Brix contract, minus the proceeds from the sale of items purchased with that revenue (e.g., the Kenworth truck, the yacht, and the airplane), and minus money in the Smith Barney accounts. The BAP reversed that money judgment because it concluded that the

bankruptcy court abused its discretion in tolling the statute of limitations. The statute of limitations, however, was inapplicable because the proceeds that comprised the money judgment were generated from the Brix contract and those proceeds remained property of the bankruptcy estate under § 541(a)(1); thus, it was unnecessary to bring them back into the estate by pursuit of fraudulent transfers under § 501(a)(3).

Accordingly, the BAP's reversal of the bankruptcy court's money judgment is REVERSED and the judgment of the bankruptcy court is AFFIRMED.

1. Because the parties are familiar with the facts, we do not recite them here.